Case 4:25-cv-05270   Document 11   Filed on 11/20/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE MORENO RANGEL, § § Petitioner, § § vs. § CIVIL ACTION NO. H-25-5270 § KRISTIE NOEM, Secretary, U.S. Department § of Homeland Security, *et al.*, § § Respondents. § | |

**MEMORANDUM AND ORDER**

The petitioner, Jose Moreno Rangel, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Joe Corley Processing Center in Conroe, Texas. He is detained pending removal proceedings under 8 U.S.C. § 1225(b)(2). Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings. (Docket Entry No. 1). For the reasons set forth below, the court grants Moreno Rangel's petition in part and orders the respondents to conduct a bond hearing within fourteen days from the date of this order or release him.

**I.   Background**

Moreno Rangel is a citizen of Mexico who entered the United States without inspection. (Docket Entry No. 1 ¶ 42). In October 2025, he was arrested for interfering with public duties. (Docket Entry No. 1 ¶ 44). He was taken into ICE custody and is now detained at the the Joe Corley Processing Center. (*Id.*). On November 4, 2025, Moreno Rangel filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending

removal proceedings. (Docket Entry No. 1). The respondents argue that the petition should be dismissed. (Docket Entry No. 6).

## II. Analysis

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

This case is one of many nearly identical immigration-related habeas petitions filed in the federal courts over the last few months. *See Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (describing the surge in similar litigation). As this court has previously explained, two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. *Id.* While § 1226 allows an IJ to provide a petitioner with procedural protections, such as a bond re-determination hearing, § 1225 does not. *Id.* In July 2025, the Department of Homeland Security deviated from its "longstanding interpretation" that § 1226 applied to noncitizens who were already present in the country and began applying § 1225 to these individuals. *Id.* (quoting *Savane v. Francis*, No. 1:25-cv-6666, 2025 WL 2774452, at *1 (S.D.N.Y. Sep. 28, 2025)). The result is that noncitizens who would have previously received a bond hearing are now mandatorily detained until their removal proceedings are complete, whenever that may be. In September 2025, the BIA affirmed this new interpretation of the relevant statutes in *In re Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[1]

---

[1] The BIA's decision is not binding on this court under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and district courts have uniformly refused to apply *Matter of Yajure Hurtado*. *See Buenrostro-*

This new interpretation has been rejected by the great majority of courts considering the issue, including this court. *See id.* at *3 (collecting cases); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. Although the respondents acknowledge this court's prior ruling in *Buenrostro-Mendez*, they nonetheless assert that the statutory language requires that Moreno Rangel be detained under § 1225.[2] (Docket Entry No. 6 at 13–14, 14 n.2). The respondents urge this court to reconsider its prior rulings and adopt the reasoning of *Cabanas v. Bondi*, which held for the respondents. No. 4:25-cv-04830, 2025 WL 3171331, at *7 (S.D. Tex. Nov. 13, 2025). The court respectfully disagrees with *Cabanas*. "[A]s a matter of plain-text reading, it is § 1226(a) that applies to people situated like the Petitioner, not § 1225(b)(2)(A)." *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252, at *1 & n.1 (D.N.J. Oct. 21, 2025). The respondents are ordered to provide Moreno Rangel with a bond hearing within fourteen days of this order or release him.[3]

Because the court provides Moreno Rangel with the relief he seeks based on its interpretation of § 1226(a), the court need not reach his additional challenges to his detention. *See Hernandez Lopez*, 2025 WL 3022245, at *5 (citing *Pizarro Reyes*, 2025 WL 2609425, at *8).[4] If

---

*Mendez*, 2025 WL 2886346, at *3 n.3 (collecting cases).

[2] On October 24, 2025, the respondents filed a notice of appeal in *Buenrostro-Mendez*. (Case No. H-25-3726, Docket Entry No. 20). The appellate process is likely to decide which reading is correct; continued detention during that lengthy process is not supported by the statute.

[3] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.

[4] Among his requests for relief, Moreno Rangel asks that the court issue a writ of habeas corpus directing the respondents to release him immediately or, alternatively, to award any further relief this court deems just and proper. (Docket Entry No. 1 at 15). The court concludes that ordering the respondents to provide a bond hearing, rather than immediate release, is the proper outcome. *See Buenrostro-Mendez*, 2025 WL 2886346, at *4. The "comfortable majority position" is to require a bond hearing before an IJ. *See Lopez-*

the respondents do not provide Moreno Rangel with a bond hearing within fourteen days as ordered, he may renew his other claims. *Id.*; *see also Buenrostro-Mendez*, 2025 WL 2886346, at *4 n.4.

### III. Conclusion

For the reasons stated above, the court grants Moreno Rangel's petition for a writ of habeas corpus in part. (Docket Entry No. 1). The respondents' motion to dismiss, (Docket Entry No. 6), is denied. The respondents must provide Moreno Rangel with a bond hearing under § 1226(a) by December 4, 2025, or release him. The parties are to update the court on the status of his bond hearing no later than December 8, 2025.

SIGNED on November 20, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

*Arevelo v. Ripa*, No. EP-25-cv-337, 2025 WL 2691828, at *12 (W.D. Tex. Sep. 22, 2025).